# EDWARD M. ZUEL and Another v. JOHN J. McCOLLUM.[1]

July 22, 1910.

Nos. 16,606—(177).

**Action for commission — evidence — verdict.**

> Action to recover commissions on sale of land, to be paid upon condition
> that the purchaser performed his contract to purchase and pay for the land.
> Verdict for the plaintiffs. *Held,* that the evidence sustains the verdict.

Action in the district court for Blue Earth county to recover $840
commissions alleged to be due upon the sale of certain real estate.
The facts relating to the first cause of action for $540 are stated
in the opinion. The case was tried before Pfau, J., and a jury
which returned a verdict in favor of plaintiffs for $1,161.90. From
an order denying defendant's motion for judgment notwithstanding
the verdict or for a new trial, he appealed. Affirmed.

*A. R. Pfau, Jr., C. J. Laurisch* and *F. L. McNamara* for appellant.

*Chris Carlson* and *S. B. Wilson,* for respondents.

START, C. J.

This is an appeal by the defendant from an order of the district
court of the county of Blue Earth denying his motion for judgment
notwithstanding the verdict or a new trial. The action, so far as
here material, was one to recover $540, alleged to be due to the
plaintiffs from the defendant for a commission for the sale of certain
lands belonging to him. On June 16, 1903, the plaintiffs, who are
real estate brokers, procured a purchaser for five hundred twenty
acres of land belonging to the defendant, who on that day entered
into a written contract with the purchaser, John Keene, for the
purchase and sale of the land at the stipulated purchase price of

[1] Reported in 127 N. W. 178.

$6,240, to be paid in instalments, the first of which, $1,500, was paid at or about the date of the contract. The last one was payable November 1, 1908. Thereafter, and on the following September 5, the parties entered into a written contract, which recited that there was still unpaid on the plaintiffs' commission on such sale the sum of $540, and thereby the plaintiffs extended credit to the defendant for the payment of the same until the last payment should be made by the purchaser of the land, which was due in November, 1908, and the defendant promised to pay interest annually on the amount due to the plaintiffs. The contract contained the proviso following: "Provided, however, that if said purchaser, John Keene, does not fully perform said contract for a deed, said balance in commissions shall be forfeited and nonpayable." The complaint alleged the making of this last contract, and that John Keene had performed the terms of his contract for the purchase of the land. This was denied by the answer. At the close of the evidence the defendant moved the court for a directed verdict in his favor, which was denied. The issue was submitted to the jury, and a verdict returned for the plaintiffs.

It is conceded that the only question for our decision presented by the record is the sufficiency of the evidence to support the verdict, or, in other words, was there any evidence fairly tending to show a substantial performance by the purchaser, John Keene, of the terms of his contract? We use the term "substantial performance" advisedly. The proviso forfeits an admitted indebtedness of the defendant to the plaintiffs in case a third party fails to perform his contract. The proviso must, then, be liberally construed, and, so construed, it does not require a literal and personal performance by John Keene; but it is sufficient if the evidence shows a substantial performance of the terms of the contract.

There was no evidence to show that John Keene personally, or any one else, ever paid in money to the defendant the last instalment of the purchase price of the land. There was, however, evidence tending to show that he paid the second instalment of the purchase price, $740, making $2,240 paid by him personally; that on June 3, 1905, he executed a quitclaim deed of the land to the

defendant, but he remained in possession of the land until the fall of 1908; that on March 21, 1906, the defendant executed a warranty deed of the land to Lorenzo Keene, the father of John Keene, for the consideration of $4,552.21, of which $3,000 was paid in cash and a purchase-price mortgage executed for the balance, $1,552.21, due one year after date; that when this mortgage was given there was no other lien on the land; that the deed of the land from John Keene to the defendant and the defendant's deed to Lorenzo Keene was a continuation of the original transaction between the defendant and John Keene for the purchase of the land; that before the Lorenzo Keene mortgage for the balance of the purchase price became due the defendant paid an indebtedness incurred by John Keene which had been adjudged a lien on the land, but the evidence does not disclose the nature thereof, or how such indebtedness could have been made a lien superior to the defendant's mortgage, unless the deed from John Keene to him was fraudulent as to creditors; that on December 12, 1908, Lorenzo Keene, by quitclaim deed reciting an acknowledged consideration of $5,000, conveyed the land to the defendant, and the note and mortgage were surrendered to the maker, Lorenzo Keene; that other than this they were never paid; and, further, that the land had increased in value, and that one reason given by the defendant for taking back the land was that he had a good chance to sell it. There was also evidence tending to show minor facts, but none which materially modifies those we have stated.

The trial court submitted the question of substantial performance of the contract of John Keene to pay for the land to the jury, with instructions acceptable to both parties, and the jury found on the issue in favor of the plaintiffs.

The defendant invokes the familiar rule that the giving of a note and security for an indebtedness, without an express agreement to that effect, does not discharge the original obligation. If this action had been brought after the giving of the $1,552.21 note and mortgage by Lorenzo Keene, which seems to have been the balance of the original purchase price, and before their surrender upon the land being reconveyed to the defendant, the rule would be applicable. But it is not applicable to the special facts of this case, for the defendant,

without the consent of the plaintiffs, voluntarily surrendered the note and mortgage in consideration of the land being conveyed to him, and thereby put it out of his power to enforce payment of the original obligation. The equities as disclosed by the evidence are with the plaintiffs, and we are of the opinion that the evidence was sufficient to sustain the verdict, which necessarily includes a finding that the contract of John Keene for the payment of the purchase price of the land was substantially performed within the meaning of the contract between the plaintiffs and the defendant.

Order affirmed.